At Fall Term, 1874, the cause was, by consent, referred to Nat. McLean, who at the ensuing Spring Term, 1875, reported:
That the defendant, McKenzie had been dead for more than two terms, and that the suit had abated as to him.
The other defendant, McNair, offered evidence tending to prove that he was surety only; such was not proved to the satisfaction of the referee, who declined to report it as an established fact.
The plaintiff proved the execution of the following writing, upon which the suit was brought. *Page 488 
"We, or either of us, promise to pay to John Drake, or order, for all the boxes that will be on the land known as the "Drake land," betwixt the creek and Back Swamp, six dollars and fifty cents a thousand per year; all on the other side of the said Back Swamp, five dollars a thousand per year. It is understood that the above land are rented for four years, for turpentine purposes only; further understood, the rent is to be paid on the 1st day of June of each year, beginning on the 1st day of January, 1861, ending January 1st, 1865.
 ROBERT McKENZIE, [SEAL.] March 19th, 1861. JOHN McNAIR, [SEAL.]"
The defendant's counsel moved to non-suit the plaintiff, on the ground that the action should have been debt and not covenant. Motion overruled.
The testator of the plaintiff, John Drake, died 23d March, 1863. There was due the executor on the 22nd March, 1875. $1,597.53, of which sum $892.70 principal money, being the rent for the years 1861 and 1862, and until 23d March, 1863. The defendant, McKenzie, paid to the testator, Drake, $140 on the 18th November, 1861, and he paid Drake's taxes for the years 1861 and 1862, amounting to $156.46, but when, it did not appear. McKenzie also paid to the heirs of Amanda Nash and Mrs. McCormick, on the 10th November, 1864, $900, the rent for the years 1862-'63 and '64, in Confederate money.
It appeared in evidence, without objection, that McKenzie hired from the testator, the said Drake, five negro men during the year 1861, at the price of $200 each. It also appeared that McKenzie operated the boxes only one year, to-wit, 1861.
There were 37,000 boxes between the Creek and Buck Swamp at $6.50 a thousand, amounting to $240.50; and 32,000 boxes on the other side of said swamp, at $5 per thousand, amounting to $160 per year.
It is therefore adjudged that the plaintiff recover of the defendant the sum of $1,597.53 and costs. *Page 489 
To the foregoing report, at the same term, the defendant, McNair, excepted in this:
(1.) In ruling that covenant and not debt was the proper remedy for an executor to collect arrears of rent due his testator in his lifetime.
(2.) In charging the defendant any rents after the first day of June, 1862; for that no rent fell due after that time, and before the death of the testator.
(3.) For charging the defendant with the rent for more than one year, inasmuch as the facts reported show that the turpentine trees were only used one year.
(4.) In finding $892.70, principal money, was due from the defendant, without reporting any facts from which the Court can see that, that or any other amount, or what amount, according to the contract reported, was due or owing.
(5.) In failing to credit the defendant with the sum of $140, paid on the 18th November, 1861; and the further sum of $156.46, paid by the defendant in liquidation of the taxes of the plaintiff's testator, for the years 1860 and 1861.
(6.) Assuming that covenant was the proper action, in reporting the plaintiff's measure of damages to be the rent contracted to be paid for the use of the turpentine trees during the time they worked, inasmuch as they had not deteriorated in value, as they would have done if they had been worked, and the measure of damages would be less by the amount of the deterioration in value, that the amount contracted to be paid annually as rent.
(7.) In reporting facts about matters immaterial to the question at issue, to wit; that the defendant, McKenzie, paid to the heirs of John Drake, on the 10th November, 1864, $900, the rent for the years 186-'63-'64, in Confederate money; and that the said McKenzie hired from the said Drake five negro men during the year 1861, at the price of $200 each.
Upon the hearing of the report and the exceptions filed, his Honor overruled the first exception, and sustained the second, *Page 490 
ordering the report to be reformed, so as to strike out of the account the rent after June 1st, 1872. The referee being in Court, was allowed to amend his report, by stating that he arrived at the amount of rent, by finding that the 37,000 boxes between the creek and Black swamp, at $5.50 per thousand amounting to $240.50 per annum; and 32,000 boxes on the other side of said swamp, at $5 per thousand, amounting to $160 per annum-making for all $400.50 per annum.
It appearing to the Court, by the referee's finding of facts, that the covenant was entered into January 1st, 1861; that the testator died March 23d 1873; and as the rent was only due and payable on the 1st day of June in each year, that no rent had accrued to the testator from and after June 1st, 1862, leaving the plaintiff entitled to recover against the defendant, McNair, (McKenzie having died since the commencement of this action,) as breaches of his covenant during the life of John Drake, the rent from January 1st, 1861, to June 1st, 1862, — one year and five months, at $400 per annum.
It is therefore considered and adjudged by the Court, that the plaintiff do recover of the defendant, McNair, one thousand and three dollars and eighty cents, ($1,003.80) with interest on $567.00 from the first day of April, 1875, till paid and for the costs of this action; and that the referee, Nat. McLean, be allowed $60, one half to be paid by each of the parties plaintiff and defendant.
As the plaintiff filed no exceptions to the report of the referee, and did not appeal from the judgment of his Honor, allowing the second exception of the defendant, we are to consider the other exceptions of the defendant which were overruled in the Court below, and which are brought to this Court for review, by his appeal. *Page 491 
We are of opinion that his Honor erred in not allowing the fifth exception, to-wit, a credit upon the rent for the $140.00 paid on the 18th November, 1861, and the sum of $156.44 for taxes on the land, paid for the years 1860-'61. He is entitled to credit for the $140, because at the time of that payment the first year's rent was due, and it does not appear that any other debt was due from the defendant to the plaintiff at that time. For, although the referee finds that in 1861, the defendant hired several negro men from the plaintiff at the price of $200 each, it does not appear that any part of the hire was due at the date of this payment, or that it was not paid when it fell due. The law will therefore apply this payment to the debt which was certainly due, and not to a claim which does not appear to have been due, or to have been unsettled.
The defendant is also entitled to credit on the rent for the sum of $156.44 taxes on the land, paid by him, because it may fairly be presumed that the tax was paid to prevent the sale of the land for the tax and to secure the benefit of his lease. As the taxes were paid for the ease and benefit of the plaintiff's testator, his assent thereto will be presumed. The date of this payment is not found, but as the defendant did not lease until 1861, the date of this credit will be fixed at the time, the taxes for 1861 were due and creditable, to be ascertained by the Clerk.
The Clerk of this Court will reform the report in accordance with this opinion, and judgment will be rendered for the sum due after reforming the report.
The plaintiff will pay the cost of this Court.
PER CURIAM. Judgment accordingly. *Page 492